## CHRIS LACHELE AND MARY LACHELE *v.* OREGON REALTY INV. CO., WILL E. PURDY, H. HOPE PURDY BASSETT AND SARAH E. YOUNG.

(224 Pac. 87.)

**Alteration of Instruments—Evidence Held not to Show Alteration of Receipt.**

Evidence *held* not to show alteration of agreement and receipt by adding receipt for interest on mortgage note after instrument was signed.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

This is a suit to foreclose a real estate mortgage, given to secure the payment of a note for the sum of $2,500 dated June 10, 1919, due three years after date, with interest thereon at 7 per cent per annum from date until paid, interest payable semi-annually. The note provided that if the interest was not so paid,

See 2 C. J., p. 1287.

the whole sum of both principal and interest should become immediately due and collectible at the option of the holder of the note. The note further provided for reasonable attorney's fees in case of suit. A decree was rendered dismissing the suit for the reason it was prematurely instituted. From this decree plaintiffs appeal.   AFFIRMED.   COSTS TAXED.

For appellants there was a brief over the name of *Mr. S. M. Endicott,* with an oral argument by *Mr. W. C. Winslow.*

For respondent Will E. Purdy there was a brief and oral argument by *Mr. Purdy, in pro. per.*

BEAN, J.—This suit was commenced in September, 1921. The allegations in the complaint as to default in the payment of the interest on the note are as follows:

"That although demand has been made upon said defendant, Oregon Realty Exchange Investment Company for the payment of the interest falling due, by the terms of said note, on the tenth day of June, 1921, said defendant has failed, neglected and refused to pay the same or any part thereof, save and except the sum of $50, and that on account of the refusal of said defendant to pay said interest plaintiffs herein have, pursuant to the terms of said note, elected to declare the whole sum, both principal and interest immediately due and now payable."

The answer of defendants admits the execution of the note and mortgage, denies the allegations as to nonpayment of interest, and it further alleges that all the interest due on said note and mortgage is fully paid or satisfied. The reply put in issue the new matter of the answer.

The principal controversy in this suit involves substantially the following transaction. The defendants held another mortgage on a ten-acre tract of land in Lane County executed by defendant Oregon Realty Exchange Investment Co. to secure the payment of a note of $600, upon which there was about two years' interest due and some taxes on the property unpaid. About the 3d of August, 1921, the defendant Oregon Realty Exchange and Investment Company, acting by Will E. Purdy, its president, executed to the defendants a deed of the ten-acre tract in Lane County, with the understanding that if the defendant paid plaintiffs a certain amount within a given time, the amount being claimed by defendants to be $850, the plaintiffs would reconvey the Lane County property to Mrs. Ollie J. Purdy, wife of defendant, Will E. Purdy. It is contended by the defendants that a portion of the interest due on the $2,500 note secured by the mortgage sought to be foreclosed was included in the transaction relating to the Lane County property and thereby paid.

On the morning of August 3, 1921, the defendant, Will E. Purdy, went to the place of business of defendant, Chris Lachele, in Salem, Oregon, and delivered to him the deed of the Lane County property and Mr. Lachele signed the bond for a deed of that property to Mrs. Purdy. Defendant Mary Lachele was absent from Marion County at the time and did not sign the bond for a deed. The $600 note secured by the mortgage on the Lane County property was not in Mr. Lachele's possession at that time but was held by his attorney. Therefore, as defendant contends, the defendant Will E. Purdy wrote and Mr. Lachele signed the following agreement and receipt.

"Salem, Oregon, 8/3–21.

"This is to certify that Will E. Purdy has paid me the six hundred *doll* note on 10 acres of land in plat of Bond Center acre tract in Lane County Oregon & I agree to return to him the said note marked paid, also interest to June 10th on $2500 note.

"(Sgnd.)    C. LACHELE."

This document was introduced in evidence without objection but it is claimed on behalf of plaintiff that the words "also interest to June 10th on $2500 note" were added to the writing after it was signed by Mr. Lachele. The principal dispute in this suit centers around this claim. There is considerable testimony by experts in the record in regard to this matter. The defendant, Purdy, testified in substance that while he was waiting for Mr. Lachele to come into his office from another part of the building he obtained a bill-head from Mr. Lachele's writing-desk upon which he wrote the agreement or receipt with an old fountain pen which he had found in his bath-house; that the pen did not work well and would spread when pressing down upon it; that at times it did not shed ink freely and at other times it shed the ink very freely; and the document is scratched and blotted; and he states that some of the words were not plain and he "retouched" a part of it with the pen; that part of the time he used the front of the pen and part of the time he used the back of it. In several of the letters of the instrument there appears to be two lines usually parallel to each other, indicating somewhat that the "nibs" of the pen parted or spread and made two lines which are filled in between with ink a shade lighter; and there is also what is termed the shadow of the letters at the sides as though a blotter had been used while the ink was fresh. The document is readable but is scratched and blotched in homely shape.

It is contended on behalf of plaintiffs that the words claimed to be added to the receipt were written with a different colored ink from the main part of the instrument, and then that the main part was retraced in order to make it all look alike. A careful examination of the writing under a glass indicates that the words claimed to be added appear to be retouched or scratched over practically as much as the other part of the writing; but we rely more upon the testimony in the case than upon our own examination. A careful reading of the testimony leads us to believe that the agreement and receipt was all written before it was signed by Mr. Lachele.

There was considerable other testimony to the effect that a portion of the interest on the $2,500 note was provided for in the transaction relating to the Lane County land for which a bond for a deed was partially executed to Mr. Purdy. The bond for a deed was not introduced in evidence. It appears it could not be found and testimony as to its contents was admitted.

In substance Mr. Lachele, who transacted the business on behalf of himself and his wife, says "that the deed of the Lane County tract was in settlement of the $600 note and interest due thereon and the taxes." Defendant Purdy says in effect "that the deed of the Lane County tract was in settlement of the $600 and interest due plaintiff to June 10th." There was considerable room for a misunderstanding or dispute. We do not question Mr. Lachele's veracity but it appears that he is forgetful and inaccurate in his version of the transaction. He first stated that he did not remember who signed the bond for a deed, whether he did or whether Purdy did. While the allegation of the complaint is that the Oregon Realty

Exchange Investment Company had failed to pay the interest due on the note on June 10, 1921, "save and except the sum of $50," there was considerable dispute in the testimony in regard to other payments of interest on the note secured by the mortgage in suit. According to the terms of the note the interest due June 10, 1921, would be $87.50. There is in the record a check for $37.50 in favor of C. Lachele defendant, on account of interest due December 10, 1920, about which there was considerable dispute. Mr. Lachele did not have that amount credited on the note nor in his books. There was also a dispute in regard to a $48 check dated June 14, 1921, which with cash made a $50 payment on the interest due December 10, 1920. It was thought by Mr. Lachele that this $48 check was for payment of interest on still another $600 mortgage of defendants on Salem property which the Lacheles held. The testimony clearly shows that the amount of the two checks mentioned were given in payment of the interest on the note involved in this suit. This shows Mr. Lachele is forgetful. Mr. Lachele thinks that the words "also interest to June 10th on the $2,500 note" were not on the document when he signed it. It is not strange that he should have forgotten. It appears that the $850 mentioned in the bond for a deed as the amount to be paid for a reconveyance of the Lane County property to Mrs. Purdy would be sufficient to cover the $87.50 due for interest on June 10, 1921.

The learned circuit judge appears to have tried this case very patiently and carefully. He had the advantage of seeing the witnesses and noting their appearance upon the stand, and was in a good position to determine the truth in regard to the transaction. His findings are entitled to much credence.

After a careful reading of all the testimony, including the lengthy discussion of the experts in regard to the writing, we concur with the learned trial judge in his findings to the effect that a preponderance of the testimony shows that the agreement and receipt in question is valid and that the suit was prematurely brought. No question was raised in the trial court as to the insufficiency of the answer in pleading payment of the interest, and we think none arises here.

The decree of the Circuit Court is affirmed.

AFFIRMED.    COSTS TAXED.

McBRIDE, C. J., and BROWN and McCOURT, JJ., concur.